

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

HealthSmart Benefit Solutions, Inc.     Civil Action No. 14-00776

Judge Richard T. Haik, Sr.

versus

Magistrate Judge C. Michael Hill

Principia Underwriting, et al

## MEMORANDUM ORDER

Before the Court is a Rule 12(B)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by defendant Flectat Limited ("Flectat") [Rec. Doc. 21], plaintiff, HealthSmart Benefit Solutions, Inc.'s ("HealthSmart"), Opposition [Rec. Doc. 30] and Flectat's Reply [Rec. Doc. 34]. For the reasons that follow, Flectat's Motion will be denied.

This action arises as an insurance coverage dispute involving a claims-made professional liability insurance policy subscribed to by Certain Underwriters at Lloyd's, London for which Flectat is the corporate member, and issued to HealthSmart for the Policy Period December 31, 2012 to December 31, 2013 ("the Policy"). The material facts, as set out in HealthSmart's First Amended Complaint, *R. 19*, provide as follows:

HealthSmart was named as a defendant by Opelousas General Hospital Authority ("Opelousas General") in an Amended Complaint filed on December 18, 2013. *R. 19, ¶¶ 16 & 30; 19-3.* HealthSmart was served with the Amended Complaint on January 15, 2014. *Id.* at *¶ 30.* On January 23, 2014, HealthSmart notified Flectat of the action filed against it. *Id.*

*at* ¶ *32*. On or about January 24, 2014, and again on March 24, 2014, Flectat denied coverage to HealthSmart. *Id. at* ¶ *33*. On April 9, 2014 and August 29, 2014, HealthSmart filed a Complaint and First Amended Complaint, respectively, against Flectat for breach of contract, declaratory relief and breach of implied covenant of good faith and fair dealing. *R. 1, 19*. HealthSmart attached the Policy as an exhibit to the pleadings. *R. 1-1; 19-1*.

Flectat filed this motion for dismissal under Rule 12(b)(6) contending that HealthSmart's allegations against it establish that no coverage exists under the Policy because a "Claim" was not made against HealthSmart within the Policy Period and the "Claim" was not reported within the Policy Period.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007). A 12(b)(6) motion is "viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir.2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.2011). Yet, it must allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

HealthSmart's First Amended Complaint alleges that, under the Policy, Flectat is obligated to:

> pay on [HealthSmart's] behalf Loss and Claim Expenses resulting from any Claim by one or more Third Parties first made against [HealthSmart] and notified by [HealthSmart] to [the Underwriters] during the Policy Period arising from any act, error or omission in the course of [HealthSmart's] Technology Activities and Managed Care Activities giving rise to Claims ....

R. 19, ¶ 13; R. 30, Ex. A, § A. HealthSmart further alleges that a "Claim" is defined in the Policy as:

> a written demand or service of civil proceedings by one or more claimants seeking any of the following: monetary damages, injunctive relief, retraction or correction, arbitration or mediation.

*Id.* at ¶ 16.

HealthSmart alleges that it has provided timely notice to Flectat under the terms of the Policy by notifying it of the lawsuit and requesting coverage under the Policy on January 23, 2014—eight days after it was served. *Id.* at ¶¶ 20, 32, 35. The "Notice of Claim" provision in the Policy provides:

> [HealthSmart], as a condition precedent to [HealthSmart's] right to indemnity under this Policy, shall give [Underwriters] written notice of any Claim made against [HealthSmart] or any specific act, error or omission which is reasonably expected to give rise to a Claim, as soon as practicable but in any event the earlier of 30 days after [HealthSmart] first receive[s] notice of any Claim made against [HealthSmart] or [HealthSmart] first becomes[s] aware of any specific act, error or omission which is reasonably expected to give rise to a Claim, or the end of the Policy Period.

3

*R. 30, Ex. A, § H.*

HealthSmart alleges that a "claim" as defined in the Policy includes a "written demand *or* service of civil proceedings" (emphasis supplied) and such written demand was made against HealthSmart on December 18, 2013—during the Policy period—when Opelousas General amended its petition to add HealthSmart as a new defendant. *R. 19,* ¶¶ *16, 30.* The Policy requires that notice of any claim must be provided "as soon as practicable but in any event the earlier of 30 days after You first receive notice of any Claim . . . *or* You first become aware of any specific act, error or omission which is reasonably expected to give rise to a Claim, *or* the end of the Policy Period." (Emphasis supplied). *R. 19-1.* HealthSmart alleges that it provided timely notice when it contacted Flectat on January 23, 2014—eight days after it first received notice of the claim.

Based on the HealthSmart's allegations, which the Court accepts as true, as well as the Policy language, it is plausible that HealthSmart reported a "Claim" and provided timely "Notice of Claim" to Flectat under the terms of the Policy. Accordingly,

**IT IS ORDERED** that the Rule 12(B)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by defendant Flectat Limited [Rec. Doc. 21] is **DENIED**.

**THUS DONE AND SIGNED** this 4th day of November, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge