

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

HealthSmart Benefit Solutions, Inc.          Civil Action No. 14-00776

versus          Judge Richard T. Haik, Sr.

Principia Underwriting, et al          Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is a Motion To Dismiss Pursuant to FRCP 12(b)(6) filed by defendant Hudson Specialty Insurance Company ("Hudson") [Rec. Doc. 25], plaintiff, HealthSmart Benefit Solutions, Inc.'s ("HealthSmart"), Opposition [Rec. Doc. 31] and Hudson's Reply [Rec. Doc. 37]. For the reasons that follow, Hudson's Motion will be denied.

This action arises as an insurance coverage dispute involving an Insurance Services Professional Liability Insurance Policy issued by Hudson to HealthSmart for the Policy Period December 31, 2013 to December 31, 2014 ("the Policy"). The material facts, as set out in HealthSmart's First Amended Complaint, *R. 19*, provide as follows:

HealthSmart was named as a defendant by Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas general Health System ("Opelousas General") in an Amended Complaint filed on December 18, 2013. *R. 19, ¶¶ 16 & 30; 19-3*. HealthSmart was served with the Amended Complaint on January 15, 2014. *R. 19, ¶ 30*. On January 22, 2014, HealthSmart notified Hudson of the action filed against it. *Id. at ¶ 32*. On or about January 24, 2014, Hudson initially advised HealthSmart that it was continuing its investigation and

would accept a defense under a reservation of rights. In a March 13, 2014 letter, however, Hudson denied coverage to HealthSmart. *Id. at* ¶ *33*. On January 24, 2014 and August 29, 2014, HealthSmart filed a Complaint and First Amended Complaint, respectively, against Hudson for breach of contract, declaratory relief and breach of implied covenant of good faith and fair dealing. *R. 1, 19*. HealthSmart attached the Policy as an exhibit to the pleadings. *R. 1-2; 19-2*.

Hudson filed this motion for dismissal under Rule 12(b)(6) contending that HealthSmart's allegations against it establish that the Policy excludes coverage for HealthSmart's claim because: (1) the Opelousas General lawsuit constitutes civil proceedings that were pending against HealthSmart prior to the Policy Period, December 311, 2013; and (2) the claims against it are asserted by governmental and quasi-governmental agencies.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007). A 12(b)(6) motion is "viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir.2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.2011). Yet, it must allege enough facts

2

to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

HealthSmart's First Amended Complaint alleges that, under the Policy, Hudson is obligated to:

> pay on behalf of the "Insured" all "Claim Expenses" and "Damages", in excess of the Retention, that the "Insured" becomes legally obligated to pay as a result of a "Claim" for a "Wrongful Act"; provided that the:
>
> 1. "Claim" is first made against the "Insured" during the "Policy Period" or any applicable "Extended Reporting Period";
>
> 2. "Claim" is reported to the "Company" pursuant to section VIII of this "Policy"; and
>
> 3. "Wrongful Act" is committed on or after the "Retroactive Date" and before the end of the "Policy Period".

*R. 19, ¶ 22; R. 19-2, Ex. B, § I.A.* HealthSmart further alleges that Section II.F. of the Policy defines "Claim" in pertinent part as:

> 1. a demand or written request for monetary or non-monetary relief;
>
> 2. a demand for arbitration, mediation or other formal alternative dispute resolution; **or** (emphasis supplied)
>
> 3. a civil proceeding commenced by service of a complaint or similar pleading;
>
> made against an "Insured" for a "Wrongful Act", including any appeal therefrom.

3

*Id.* Also under the Policy, Section IV.A.1., Duty to Defend., states:

> "[Hudson] shall have the right and duty to defend and investigate any 'Claim' even if the allegations of the 'Claim' are groundless, false or fraudulent."

*R. 19-2.*

Hudson asserts that two exclusions contained in the Policy preclude coverage to HealthSmart in this case,

Exclusion E, which provides that the Policy will not apply to any "Claim":

> E. based upon or arising out of any prior and/or pending civil, criminal, administrative or investigative proceeding or "Disciplinary Proceeding" involving an "Insured" as of the Prior and Pending Proceeding Date stated in Item 8 of the Declarations [December 31, 2013], or any fact circumstance or situation underlying or alleged in such proceeding of "Disciplinary Proceeding."

*Id. at §III.E,* and Endorsement No. 9, "Regulatory Actions Exclusion for the HealthSmart Holdings Professional Liability Insurance Policy," which states that the Policy precludes coverage for any "Claim":

> brought by or on behalf of any governmental or quasi-governmental official or agency in any capacity, including but not limited to the Securities and Exchange Commission, the Financial Industry Regulatory Authority, the Securities Investor Protection Corporation, or any state or federal securities or insurance commission or agency. However, this Exclusion shall not apply to the excess coverage provided by this 'Policy' for Privacy Regulatory Defense and Penalties."

*Id. at Endorsement No. 9.*

HealthSmart maintains that the Policy provisions support its contention that the Policy possibly covers it in the underlying litigation with Opelousas General ("Opelousas General Lawsuit). Citing *Steptore v. Masco Construction Co., Inc.*, 643 So.2d 1213, 1218 (La. 1994),

HealthSmart argues that in Louisiana, the obligation of a liability insurer to defend suits against its insured is broader than it obligation to provide coverage for damages claims.[1]

Under Louisiana's "Eight Corners Rule," Hudson has a duty to defend HealthSmart unless it can demonstrate that either Exclusion E or the Regulatory Actions Exclusion "unambiguously exclude coverage." *Elliott v. Continental Cas. Co.,* 949 So.2d 1247, 1249 (La.,2007). "With respect to an insurer's duty to defend its insured(s), it is well-settled that an insurer's duty to defend is much broader in scope than the insurer's duty to provide coverage." *Id.* "An insured's duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy." *Id.* Here, the language of the Policy recognizes this well-settled notion, as it provides that Hudson shall have the "right and duty to defend and investigate any 'Claim' even if the allegations of the 'Claim' are groundless, false or fraudulent."

HealthSmart states that the Policy provides coverage for Wrongful Acts in connection with HealthSmart's professional Services—the precise types of allegations made against HealthSmart in the Opelousas General Lawsuit. HealthSmart argues that Hudson cannot demonstrate that Exclusion E was clearly communicated to it prior to the time Hudson sold its Policy to HealthSmart on December 31, 2013. Thus, HealthSmart contends, Hudson has not satisfied its burden of proving that Exclusion E is valid in order to preclude coverage to HealthSmart.

---

[1] Citing both Louisiana and Texas law, the parties at least impliedly agree that Louisiana and Texas law are in accord as to the general principles of contact interpretation.

Under La. C.C. art. 2057, "[p]olicy exclusions must be clearly stated. Any ambiguity in an insurance policy's exclusions is construed to afford coverage. The insurer has the burden of proving that a loss comes within a policy exclusion." *Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, et* al., 616 So.2d 1250, 1253 (La.1993). La. R.S. 22:628 and La. R.S. 22:634 "require that an insured be informed of a policy's contents. Notice of any exclusionary provisions is essential because the insured will otherwise assume the desired coverage exists. Insurance policy exclusions are not valid unless clearly communicated to the insured." *Id.* According to the pleadings, the lawsuit was not served at the time HealthSmart purchased coverage under the Policy. As Hudson has not provided evidence that the Policy was delivered to HealthSmart before service of the lawsuit nor that the Exclusion was clearly communicated to HealthSmart, its motion to dismiss based on Exclusion E should be denied.

Even assuming, however, that the Exclusion E was validly part of the Policy at the time of the "Claim," the material facts of this case render the exclusion ambiguous and/or meaningless. The pertinent language of Exclusion E precludes coverage for any "Claim" "based upon, or arising out of any prior and/or pending civil ... proceeding ... involving an 'Insured'" as of December 31, 2013. A "Claim" is defined in the Policy as either "a demand or written request for ... relief" or "a civil proceeding commenced by service of a complaint or similar pleading made against an 'Insured.'" Here, HealthSmart was named in the Opelousas General Lawsuit on December 18, 2013, served with the civil proceeding on January 15, 2014 and provided notice to Hudson on January 22, 2104. Thus, the "claim" can

6

be defined as both the "demand or written request for relief" and "a civil proceeding commenced by service of a complaint." As such, the Opelousas General Lawsuit becomes both a "claim" as well as a "prior and/or pending civil proceeding," and thereby renders Exclusion E ambiguous.

Hudson also contends that the Regulatory Actions Exclusion, Endorsement No. 9 in the Policy, unambiguously excludes coverage for the Opelousas General Lawsuit. In its motion, Hudson acknowledges that while Opelousas General "is not acting in a regulatory capacity, *per se*," the Exclusion applies because Opelousas General is "a governmental agency that seeks money damages from HealthSmart." Hudson cites several cases which it contends are similar to the Opelousas General Lawsuit. The Court disagrees. Unlike the cases cited by Hudson involving Federal Deposit Insurance Corporation (FDIC) and Resolution Trust Corporation, here, Opelousas General is not a regulatory agency. Endorsement No. 9, is titled "Regulatory Actions Exclusion," and lists specific regulatory agencies as examples—"Securities and Exchange Commission, the Financial Industry Regulatory Authority or the Securities Investor Protection Corporation." Even assuming *arguendo* that the Exclusion does not apply to regulatory agencies only, Opelousas General must be a "governmental or quasi-governmental official or agency." In Exhibit C of its Amended Complaint, Opelousas General is alleged to be a "Public Trust" and "political subdivision of the State of Louisiana." *R. 19-3, ¶3.* Such an allegation cannot be construed to unambiguously establish that Opelousas General is a "governmental agency."

Based on the HealthSmart's allegations, which the Court accepts as true, as well as

7

the Policy language, it is plausible that Hudson has a duty to defend HealthSmart. Accordingly,

**IT IS ORDERED** that the Rule 12(B)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by defendant Hudson Specialty Insurance Company [Rec. Doc. 25] is **DENIED**.

**THUS DONE AND SIGNED** this 12th day of November, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge