U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 9 2015

TONY R. MOORE, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Healthsmart Benefit Solutions, Inc.        Civil Action 14-00776

versus                                     Judge Richard T. Haik, Sr.

Principia Underwriting, et al              Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is Flectat Limited's ("Flectat") Motion For Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) [Rec. Doc. 53] and HealthSmart Benefit Solutions, Inc.'s ("HealthSmart") Opposition thereto [Rec. Doc. 54]. Flectat requests that the Court reconsider its January 23, 2015 Memorandum Ruling and Judgment denying Flectat's Motion for Summary Judgment, *R. 51. 52*.

If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Because Flectat's motion was filed within 28 days of the January 23, 2015 Judgment, the Court must consider it as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). Such motions cannot be used to rehash the evidence or "raise arguments or claims that could, and should, have been made before the judgment issued." *Id.* While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*,

367 F.3d 473, 479 (5th Cir.2004).

As recently reiterated by the Fifth Circuit, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued. It also may be appropriate when there has been an intervening change in the controlling law." *City of New Orleans Employees' Retirement System ex rel. BP P.L.C. v. Hayward*, 508 Fed.Appx. 293, 301 (5th Cir. 2013). Here, Flectat has offered none of these. Instead, Flectat merely rehashes the arguments it previously raised. Therefore,

**IT IS ORDERED** that Flectat Limited's Motion For Reconsideration [Rec. Doc. 53] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 18th day of March, 2015.

_____
Richard T. Haik, Sr.
United States District Judge